BERMAN O'CONNOR MANN & SHKLOV
DANIEL J. BERMAN
ROBERT J. O'CONNOR
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-2778
Facsimile: (671) 499-4366

Attorneys for Defendant
Kraftpak Limited

**FILED**
DISTRICT COURT OF GUAM
JAN 10 2005
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| HANSON PERMANENTE CEMENT OF GUAM,<br><br>Plaintiff,<br><br>v.<br><br>KRAFTPAK LIMITED and BRUCE ANSLEY, personally,<br><br>Defendants. | CIVIL CASE NO.: 04-00042<br><br>ANSWER OF DEFENDANT KRAFTPAC LIMITED TO PLAINTIFF'S COMPLAINT; AFFIRMATIVE DEFENSES; COUNTERCLAIM; CERTIFICATE OF SERVICE |

**ANSWER OF DEFENDANT KRAFTPAK LIMITED**

**COMES NOW** Defendant Kraftpak Limited ("Kraftpak"), by and through its attorneys Berman O'Connor Mann & Shklov, to answer and respond to the Complaint as follows:

1. Defendant Kraftpak admits that the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 8, 9, 11, 18, 20, 25 and 27 are true.

2. Defendant Kraftpak denies that the allegations contained in paragraphs 10, 13, 14, 15, 16, 19, 21, 22, 23, 26, 28 30, 31, 33, 34, 35, 37, 39 and 40 are true.

-1-

**ORIGINAL**

3. With respect to paragraph 7, Defendant Kraftpak admits the allegation as to price is correct but denies that the paragraph contains all terms of the contract. For instance, the agreements required a minimum of 700,000 or 800,000 bags annually.

4. With respect to paragraph 12, Defendant Kraftpak admits the allegations in the first sentence are true but denies the remaining allegations in this paragraph are true.

5. With respect to incorporation paragraphs 17, 24, 29, 32, 36 and 38, Defendant Kraftpak reincorporates its prior responses to the paragraphs referred to therein.

6. In the event there is any allegation in the complaint which this answering Defendant failed to address above, then all such allegations are denied.

## AFFIRMATIVE DEFENSES

1. The cause of action fails to state a claim upon which relief may be granted.

2. This action is barred in whole or in part by the applicable statute of limitations, statue of repose, or other limitation on the bringing of suits.

3. The claims in the Complaint may be barred in whole or in part by res judicata, accord and satisfaction, release and discharge, estoppel, failure to satisfy conditions precedent, breach of contract, failure of consideration, release, payment, waiver, discharge and laches.

4. Plaintiff has breached the contract by failing to order minimum quantities of product and therefore cannot bring this claim.

5. The damages caused to Defendant Kraftpak by Plaintiff's breach of contract should be offset against any damages claimed by Plaintiff herein.

6. The Plaintiff has unclean hands.

7. Laches.

## COUNTERCLAIM

### COUNT I
### BREACH OF CONTRACT

1. Counterclaimant Kraftpak Limited ("Kraftpak") is a corporation incorporated in and licensed to do business in New Zealand, at all relevant times herein.

2. Counterclaim-Defendant Hanson Permanente Cement of Guam ("Hanson") is a corporation authorized to transact business in Guam with its principal place of business on Guam.

3. From 1993 through 2004, Kraftpak had agreements with Hanson or as it was formerly called: Kaiser Cement Corporation of Guam, to supply it no less than 800,000 cement bags per year in some years, and no less than 700,000 cement bags per year in other years, at varying prices per bag.

4. Hanson breached its agreements/contracts with Kraftpak by ordering substantially less than the 700,000 or 800,000 bags per year, and this breach caused damages to Kraftpak in excess of $75,000.

//

//

# COUNT II
# QUANTUM MERUIT

5. Counterclaimant Kraftpak reincorporates the allegations contained in paragraphs 1 – 4 of this Counterclaim as if fully stated herein.

6. Hanson has received cement bags at prices determined by agreements for certain minimum orders, and because Hanson's orders have been substantially below the minimum amount agreed to, Hanson has received the bags for a price below their value.

7. Counterclaimant Kraftpak is entitled to receive a higher per bag price or otherwise Hanson will be unjustly enriched.

# COUNT III
# UNJUST ENRICHMENT / RESTITUTION

8. Counterclaimant Kraftpak reincorporates the allegations contained in paragraphs 1 – 7 of this Counterclaim as if fully stated herein.

9. Kraftpak made deliveries and sales to Hanson based on the assumption that Hanson would make certain agreed upon minimum orders/purchases.

10. Hanson's failure to purchase/order the minimum quantities per year agreed upon was wrongful and unlawful conduct which enriched Hanson at Kraftpak's expense. Hanson has been enriched as a result of Kraftpak's conferral of benefits and it would be unjust for Hanson to be able to obtain credit on its payments to Kraftpak at the rate per bag agreed upon when that rate was conditioned on a minimum purchase that was not made.

11. Hanson must therefore, make restitution to Kraftpak by being assessed and paying a different and higher price per bag.

**WHEREFOR** Counterclaimant Kraftpak requests relief against Counterclaimant Defendant Hanson as follows:

1. Actual damages.

2. Pre-judgment and post-judgment interest at the maximum legal rate allowed by law per annum from the date of the filing of the Counterclaim, until paid.

3. Costs and expenses.

4. Reasonable attorney fees.

5. All other relief which the Court deems appropriate.

Kraftpak, as the Defendant in the Complaint, also prays that Plaintiff take nothing by its Complaint and that judgment on the Complaint be entered in favor of Kraftpak and against Hanson as well as costs, reasonable attorney fees and other relief deemed appropriate by the Court.

Dated this 10 day of January, 2005.

Respectfully submitted,

**BERMAN O'CONNOR MANN & SHKLOV**
Attorneys for Defendant
*KRAFTPAK LIMITED*

By: Daniel J. Berman

2549-02-041222-PL-Ans-Kraftpak.doc